UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMELLO D. RANDLE,<br><br>Plaintiff,<br><br>v.<br><br>ANTIOCH POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 23-cv-05800-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate in the Contra Costa County Jail who is proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against the Antioch Police Department ("APD"), APD Officers Thomas Smith, Eric Rambaugh, Casey Bragdon, and Brock Marcotte, and APD Sergeants James Stenger and Jimmy Wisecarver. (ECF No. 1 at 7.) He is granted leave to proceed in forma pauperis ("IFP") in a separate order.

For the reasons explained below, the excessive force claim against Defendants Wisecarver, Marcotte, and Rambaugh is, when liberally construed, capable of judicial determination. All other claims are DISMISSED with leave to amend.

## BACKGROUND

Plaintiff makes the following allegations in his complaint:

Defendants Stenger and Smith "agreed to track" his "physical movements," his "call-detail records," and his "location ping data without a warrant or probable cause." (*Id.* at 11.) Plaintiff was arrested "without warrant [] maliciously relying on a know[n] false exigent request when exigency never existed." (*Id.*)

During the course of this arrest, Defendant Wisecarver "pressed his weapon against [Plaintiff's] lips saying I will fucking kill you over and over." (*Id.*) Wisecarver and Defendant

1   Marcotte forced Plaintiff out of the car and onto the ground, and Defendant Rambaugh "began
2   stomping on [Plaintiff's] hand for no reason." (*Id.*) As Plaintiff was lifted from the ground,
3   Marcotte took Plaintiff's identification card out of Plaintiff's pocket and put it inside the case of a
4   phone Marcotte found in the car Plaintiff was using. (*Id.* at 12.)

  Defendant Bragdon "falsified documents" and "concealed critical relevant evidence" extracted from cell-phones. (*Id.* at 13.) Plaintiff alleges this "false information caused" him to be held in custody on murder charges. (*Id.*)

  At the APD station, Defendant Smith told Plaintiff to tell him who killed the victims, but Plaintiff replied that he did not know. (*Id.* at 12.) Smith said, "'You nigger think your [sic] so tough,'" and "insisted that [Plaintiff] was going to spend the rest of his life in jail." (*Id.*) Plaintiff alleges, "The Antioch Police Department is worldwide publicly known to target African American individuals by violating their civil rights and targeting us for no reason just because of our race, such misconduct that occurred to me was just another act of daily abuse of power, that the Antioch Police Department gets away with." (ECF No. 1 at 14.)[1]

  According to the complaint in another civil rights case filed by Plaintiff, as well as the docket in his criminal case, he was convicted of first-degree murder in Contra Costa County Superior Court on March 22, 2024. *See Randle v. Fregi, et al.*, No. C 24-2098 JSC (PR) (N.D. Cal.) (ECF No. 1 at 6); *State of California v. Randle*, No. 04002000347 (Contra Costa County Sup. Ct.) (docket entry of March 22, 2024) (*see* https://odyportal.cc-courts.org/Portal/Home/WorkspaceMode?p=0).[2]

  Plaintiff seeks money damages against Defendants for "depriving me of my rights, pain and suffering, excessive use of force, racially prejudice language, abuse of power, dishonesty, falsifying evidence, tampering with evidence, producing false evidence, being targeted." (*Id.* at

---

[1] Plaintiff indicates that he "attached" two investigation reports demonstrating "misconduct" by Defendants (ECF No. 1 at 14), but no such reports were attached to the complaint.
[2] Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Court orders and other court documents are proper subjects of judicial notice, *id.*, as are records of court proceedings, *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). A court "may take judicial notice on its own." Fed. R. Evid. 201(c).

13.)

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by unrepresented parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

## LEGAL CLAIMS

Plaintiff's complaint, when liberally construed, claims Defendants violated his constitutional rights by conducting illegal searches, making an unlawful arrest, falsifying evidence, using excessive force, and engaging in racial discrimination.

A.  Unlawful Search

The Fourth Amendment protects persons against "unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment "secures the persons, houses, papers and effects of the people against unreasonable searches and seizures, and requires the existence of probable cause before a warrant shall issue. Our cases hold that procedure by way of a warrant is

preferred, although in a wide range of diverse situations we have recognized flexible, common-sense exceptions to this requirement." *Texas v. Brown*, 460 U.S. 730, 742 (1983) (citing cases establishing exceptions to warrant requirement and "intrusions less severe than full-scale searches or seizures" that do not necessitate a warrant). Probable cause means "more than a bare suspicion; it exists when the officer's knowledge of reasonably trustworthy information is sufficient to warrant a prudent person to believe that an offense has been or is being committed." *Graves v. City of Coeur D'Alene*, 339 F.3d 828, 841 (9th Cir. 2003). Before turning to the lawfulness of a search, a court must first determine whether an intrusion qualifies as a search within the meaning of the Fourth Amendment. *Sanchez v. County of San Diego*, 464 F.3d 916, 923 (9th Cir. 2006).

Plaintiff has not alleged sufficient facts that, if true, would indicate Defendants engaged in unlawful searches. First, the allegations are unclear as to how Defendants conducted the alleged searches. He alleges Defendants "tracked" his "physical movements" (ECF No. 1 at 11), but it is not clear how they did so, whether by following him, using a tracking device, or by some other means. He alleges Defendants obtained his "call-detail records" and "location ping data" (*id.*), but he does not allege how they obtained this information (such as from Plaintiff's phone, the phones of others, or from third-party carriers). Second, there are insufficient factual allegations of searches that were unlawful. Even if it is true, as Plaintiff alleges, the searches were conducted without a warrant, there are numerous exceptions to the warrant requirement, *see Texas*, 460 U.S. at 742 (listing exceptions), including for exigent circumstances, *United States v. Jeffers*, 342 U.S. 48, 51–52 (1951); *see Fisher v. City of San Jose*, 558 F.3d 1069, 1075 (9th Cir. 2009) (holding exigent circumstances exist where there is reasonable belief search is "necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts").[3] Plaintiff only makes the conclusory allegations that Defendants acted "without [] probable cause" and "exigency never existed." (ECF No. 1 at 11.) As Plaintiff has not alleged

---

[3] The exigency exception applies to warrantless searches of cell-phone data, *Riley v. California*, 573 U.S. 373, 401-02 (2014), and cell-site location information, *Carpenter v. United States*, 585 U.S. 296, 319-20 (2018).

4

any facts regarding the circumstances surrounding the "tracking" of his physical movements or cell phone data, he has not plausibly alleged Defendants lacked probable cause he was involved in a crime or there was no exigency. Under *Twombly*, such conclusory allegations do not suffice. 550 U.S. at 570.

Plaintiff has failed to state a claim for an unlawful search that is capable of judicial determination because he has not alleged "enough facts" to "plausib[ly]" support his claim that the searches lacked probable cause or exigency, or caused any injury warranting money damages. *See id.* Plaintiff will be given leave to amend this claim to cure these deficiencies in his claim.

B. <u>Unlawful Arrest</u>

For similar reasons, Plaintiff has not alleged a claim capable of judicial determination for an unlawful arrest. A claim of false or unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967). Plaintiff has not alleged facts that plausibly indicate he was arrested without probable cause. His allegations indicate he was jailed on murder charges (of which he was later convicted). He has not alleged, however, any facts regarding the evidence officers relied upon to arrest him, which presumably was presented in pretrial proceedings. His conclusory allegations that there was no probable cause and that the APD generally discriminates against African Americans are not by themselves "enough facts" to state a "plausible" claim that Defendants did not have a reasonable basis to believe Plaintiff had committed a crime when they arrested him. *See Twombly*, 550 U.S. at 570. Plaintiff also has not alleged who arrested him. He alleges Defendants Wisecarver, Rombaugh, and Marcotte used force, made threats, and mishandled his identification, which may have occurred at the time he was arrested, but it is not clear from these allegations whether they and/or other officers in fact arrested him. Plaintiff must cure these deficiencies in his amended complaint in order to state a claim that is capable of judicial determination for unlawful arrest under the Fourth Amendment.

C. <u>Falsification of Evidence</u>

There is a "clearly established due process right not to be subjected to criminal charges on

the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001). To prevail on a section 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty. *Spencer v. Krause*, 857 F.3d 789, 798 (9th Cir. 2017). Plaintiff alleges Officer Marcotte placed his identification card in a phone case. Even if this allegation were sufficient to plausibly allege Officer Marcotte acted deliberately, Plaintiff has not sufficiently alleged that it caused his deprivation of liberty because there are no allegations regarding the relevance of this evidence to his criminal charges or conviction. Plaintiff alleges Officer Brogdon falsified and concealed evidence obtained from cell phones, but these allegations are too conclusory to plausibly allege deliberate actions by Brogdon because Plaintiff does not allege the actions Brogdon took to falsify or conceal evidence. In addition, Plaintiff has not made a plausible allegation that Brogdon caused his deprivation of liberty because Plaintiff does not allege what the false or concealed evidence was or what relevance such evidence had to his charges or conviction. Plaintiff has not alleged non-conclusory facts to support a plausible claim that Marcotte or Brogdon (or any other Defendant) deliberately fabricated evidence in violation of Plaintiff's right to due process. *See Twombly*, 550 U.S. at 570. Plaintiff may file an amended complaint in which he cures the deficiencies in this claim.

D.  Excessive Force

Plaintiff's complaint, when liberally construed, alleges Defendant Officer Wisecarver threatened to kill him, Officer Marcotte stomped on his hand when he was on the ground, and Officer Rambaugh was present and could have but did not intervene in this use of threats and force. Such allegations, when liberally construed, are sufficient to state a plausible claim capable of judicial determination for the violation of Plaintiff's Fourth Amendment rights. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989) (excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard); *Robinson v. Solano*, 278 F.3d 1007, 1013-14 (9th Cir. 2002) (en banc) (finding excessive force under Fourth Amendment for police to point gun from a distance of three to six feet at the head of suspect who was outnumbered by police, was approaching them

1   peacefully, and no longer carried shotgun as previously reported); *Thompson v. Rahr*, 885 F.3d

2   582, 587 (9th Cir. 2018) (holding officers' putting a gun to the head of felony suspect constituted

3   excessive force under Fourth Amendment where they could have handcuffed him and he was not

4   in close proximity to an accessible weapon); *see also Cunningham v. Gates*, 229 F.3d 1271, 1289-

5   90 (9th Cir. 2000) (holding police officers are liable if they have an opportunity to intercede when

6   their fellow officers violate the Fourth Amendment rights of a suspect but fail to do so).

### E. Racial Discrimination

Plaintiff alleges Defendants discriminated against him because he is African American. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). The plaintiff "must show that a class that is similarly situated has been treated disparately." *Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957, 966 (9th Cir. 2017). Treatment that is harmful but not disparate is not an equal protection violation. *See Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (holding equal protection claim that alleged harmful treatment but not disparate treatment was properly dismissed).

Plaintiff has not alleged facts supporting a plausible equal protection claim. The allegation that the APD "is worldwide publicly known to target African American individuals by violating their civil rights and targeting us for no reason just because of our race, such misconduct that occurred to me was just another act of daily abuse of power" (ECF No. 1 at 14) is conclusory. Plaintiff does not allege which of the forms of misconduct alleged in the complaint Defendants did

7

not engage in with people of other races or religions. *See*, *e.g.*, *Ventura Mobilehome Comms. Owners Ass'n v. City of Buenaventura*, 371 F.3d 1046, 1055 (9th Cir. 2004) (affirming dismissal of equal protection claim because "[a]side from conclusory allegations, Appellant has not . . . alleged how [similarly situated individuals] are treated differently").

The racial slur Smith allegedly used (*see id.* at 12), while harmful, is insufficient because "'verbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'"  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) (quoting *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.1979)); *see Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (verbal harassment based upon ethnicity or religion does not violate the constitution); *cf. Hoptowit v. Ray*, 682 F.2d 1237, 1252 (9th Cir. 1982) (holding prison officials' "use of racial slurs to harass prisoners" did not present a violation of the Eighth Amendment).  While Smith's alleged use of a racial slur could support a plausible claim that some disparate treatment by Smith was racially discriminatory, Plaintiff has not alleged facts that, if true, would show Smith treated Plaintiff differently from other similarly situated suspects of different races.

For these reasons, the complaint does not state a claim capable of judicial determination that Defendants violated his constitutional rights by discriminating against him based upon his race.  Plaintiff may amend his complaint to cure the deficiency in this claim.

**CONCLUSION**

For the foregoing reasons,

1.   The excessive force claim against Defendants Wisecarver, Marcotte, and Rambaugh is, when liberally construed, capable of judicial determination.  All other claims are DISMISSED with leave to amend.[4]

---

[4] Plaintiff's request for issuance of a subpoena is DENIED because the subpoena form he filled out does not identify, or include any attachments identifying, the documents he is seeking.  (ECF No. 3 at 3.)  Plaintiff writes in a letter to the Court accompanying the subpoena that he seeks the "personnel files" of every Defendant, as well as all of the "complaints" he sent to the APD.  (ECF No. 3 at 1.)  Plaintiff may seek these documents via discovery to the extent they are relevant to his claims; the Court will authorize the parties to engage in discovery after it has reviewed any amended complaint and determined which claims Plaintiff may pursue.

2. Plaintiff may file an amended complaint on or before **June 28, 2024**. The amended complaint must include the caption and civil case number used in this order (No. C 23-5800 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue, including the claim from his original complaint that the Court has ruled is capable of judicial determination, above. <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, the claims that are dismissed will not be part of this case, and service will be ordered upon Defendants based only upon the claim that the Court has ruled is capable of judicial determination.</u>

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: May 28, 2024

JACQUELINE SCOTT CORLEY
United States District Judge