UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMELLO D. RANDLE,<br><br>    Plaintiff,<br><br>  v.<br><br>ANTIOCH POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 23-cv-05800-JSC<br><br>**ORDER PARTIAL DISMISSAL AND OF SERVICE** |

Plaintiff, an inmate at the Martinez Detention Facility proceeding without representation by an attorney, filed this civil rights action under 28 U.S.C. § 1983. On May 28, 2024, the Court reviewed Plaintiff's complaint under 28 U.S.C. § 1915A and found, when liberally construed, it stated a claim that is capable of judicial determination against three officers of the Antioch Police Department –- Sergeant Wisecarver and Offices Marcotte and Rambaugh –- for using excessive force during his arrest. (ECF No. 8 at 6-7.) The Court found the remaining claims did not state a claim capable of judicial determination and granted Plaintiff until June 28, 2024, to file an amended complaint. (*Id.* at 8:21-23.) Plaintiff was warned that if he did not file an amended complaint, all claims apart from the excessive force claims would be dismissed. (ECF No. 8 at 9:8-11 ("If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, the claims that are dismissed will not be part of this case, and service will be ordered upon Defendants based only upon the claim that the Court has ruled is capable of judicial determination.") (emphasis omitted)). No response has been received from Plaintiff. Therefore, the only claims remaining are the excessive force claims against Defendants Wisecarver, Marcotte, and Rambaugh, and the remaining claims are DISMISSED with prejudice. *See WMX Technologies v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (when complaint has been dismissed with leave to amend and plaintiff does not amend, further district court determination is

necessary).

The Court further orders:

1. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint with attachments, a copy of the order of dismissal with leave to amend, and a copy of this order on **Sergeant Jimmy Wisecarver, Officer Eric Rambaugh, and Officer Brock Marcotte** at the **Antioch Police Department.**

The Clerk shall also mail a courtesy copy of these documents to the City of Antioch City Attorney's Office.

2. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

3. To expedite the resolution of this case:

a. No later than **91** days from the date this order is issued, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d. Defendants shall file a reply brief no later than **14** days after the opposition is filed.

e. The motion shall be deemed submitted as of the date the reply brief is due. No

hearing will be held on the motion unless the Court so orders at a later date.

4.     All communications by Plaintiff with the Court must be served on Defendants or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: July 23, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.