UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMELLO D. RANDLE,<br><br>Plaintiff,<br><br>v.<br><br>BROCK MARCOTTE, et al.,<br><br>Defendants. | Case No. 23-cv-05800-JSC<br><br>**ORDER OF DISMISSAL** |

Plaintiff was an inmate at the Contra Costa County Jail ("MDF") proceeding without an attorney when he filed this civil rights action under 42 U.S.C. § 1983. As explained in the Order to Show Cause dated November 12, 2024:

> On September 19, 2024, orders granting an extension of time to Defendants to file a dispositive motion were mailed to Plaintiff at the address (the MDF) he provided in his complaint. (ECF Nos. 19-21.) The same day, the Court received a letter from Plaintiff stating he would be released from the MDF on September 26, 2024, and would update his address with the Court in this and his two other pending cases.[1] (ECF No. 22.) On November 6, 2024, the orders extending time were returned by the postal service because the mail could not be delivered to him at the address he provided. (ECF No. 23.) Plaintiff has not provided the Court with his new address.

(ECF No. 24 at 1 (footnote in original).) The Court therefore ordered Plaintiff as follows:

> On or before January 6, 2025, Plaintiff shall: (1) provide a current valid mailing address and any identification number necessary for him to receive mail; or (2) show cause why this case should not be dismissed without prejudice under Civil Local Rule 3-11. **The failure to do so may result in the dismissal of this case without prejudice.**

(*Id.* at 2 (emphasis in original).) The order to show cause was returned by the postal service as undeliverable on November 25, 2024. (ECF No. 25.) Plaintiff has still not provided the Court

---

[1] *Randle v. Contra Costa County, et al.*, No. C 24-4759 JSC; *Randle v. Lopes, et al.*, No. C 24-6574 JSC.

with his current address or made any contact with the Court.

Pursuant to Northern District Civil Local Rule 3-11:

> (a) **Duty to Notify.** An attorney or a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address.
>
> (b) **Dismissal Due to Failure.** The Court may, without prejudice, dismiss a complaint or strike an answer when:
>
> (1) Mail directed to the attorney or pro se party by the Court has been returned to the Court as not deliverable; and
>
> (2) The Court fails to receive within 60 days of this return a written communication from the attorney or pro se party indicating a current address.

Civ. L.R. 3-11; *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal with prejudice of pro se prisoner's complaint for failing to notify court of his change of address despite local rule providing that case be dismissed without prejudice because any lesser sanction would impose affirmative obligation for district courts to track down pro se prisoners).

In addition, Federal Rule of Civil Procedure 41(b) allows the involuntary dismissal of an action or a claim for "failure of the plaintiff to prosecute or comply with these rules or any order of the court." A district court may sua sponte dismiss an action pursuant to Rule 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962). But such a dismissal should be only when the failure to comply is unreasonable. *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991).

Plaintiff has not provided his current address for mailing as required by Civil Local Rule 3-11(a). Plaintiff has been given the opportunity and time to explain and correct this failure, but he has failed to do so. It has been more than 60 days since Plaintiff's mail was first returned as undeliverable due to his address being incorrect, which provides grounds for dismissal under Civil Local Rule 3-11(b). There is also grounds for dismissal of this case under Rule 41(b) because Plaintiff has not complied with the orders to maintain his current address (*see* ECF No. 6 at 3:8-10 ("Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed 'Notice of Change of Address.'"); ECF No. 24 at 2:8-10), and he has made no contact with the Court to provide a reasonable explanation for this lack of compliance.

Accordingly, pursuant to Civil Local Rule 3-11(b) and Rule 41(b) of the Federal Rules of Civil Procedure, this case is DISMISSED without prejudice to refiling in a new case in which Plaintiff provides and maintains his correct address.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 10, 2025

JACQUELINE SCOTT CORLEY
United States District Judge